**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO**

**JOE DON WEAVEL**                                                                                                **PLAINTIFF**

v.                                                                                   **CIVIL ACTION NO. 4:12CV-P91-M**

**LADONNA H. THOMPSON** *et al.*                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joe Don Weavel filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint[1] pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the official-capacity claims for damages will be dismissed and the remaining claims will continue.

**I. STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

---

[1] The Court also reviewed Plaintiff's two notices of filing jail documents (DNs 6 & 7).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## II. ANALYSIS

Plaintiff is a state inmate confined in the Hopkins County Jail. He sues Kentucky Department of Corrections (KDOC) Commissioner LaDonna H. Thompson and Program Administrator Brad Adams in their individual and official capacities seeking monetary and punitive damages and injunctive relief.

### *Official-capacity claims for damages*

The Court will dismiss the official-capacity claims for damages against Defendants Thompson and Adams on two bases. First, state officials sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v.*

*Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, state officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim. *Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Consequently, the § 1983 official-capacity claims for damages against Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

*Medical claims*

Plaintiff reports that he filed an earlier suit in this Court in June 2012 against the Hopkins County Jailer Joe Blue and Angie Pleasant, the jail's "Head [of] medical staff," for denying him "medical care for serious Health problems." *See* Civil Action 4:12CV-P75-M. In that case, Plaintiff alleges that he is being denied treatment for Hepatitis C and a shoulder problem and that he was informed that physical therapy and Hepatitis C treatment were not provided at the Hopkins County Jail. That case has been allowed to proceed beyond initial review.

In the instant case, Plaintiff alleges that he has tried on four occasions to have the KDOC intervene and transfer him to a facility where his medical needs could be met. He claims that Defendant Thompson is "in charge of transfers for medical" but refused to respond to his requests. Finally on the fourth request, reports Plaintiff, he received a response from Defendant Adams advising, "Before a transfer due to medical issues can be considered, the determination must be made by the institutional staff that your condition cannot be adequately addressed at your current facility." Defendant Adams further advised, "All requests for transfer to another facility must originate at the institutional level. If the institution declines to recommend you for

transfer, then this office has no further solution to offer." Subsequent to the filing of the instant complaint, Plaintiff filed a Hopkins County Jail Requisition Form seeking a transfer but a captain at the jail responded that "[a]t this time no, medical will not seek a transfer for you" (DN 5). He thus claims that the KDOC and its staff are responsible for denying him medical care as well. Although not so specified by Plaintiff, the Court construes this as a claim under the Eighth Amendment to the U.S. Constitution.

Upon consideration, the Court will allow this Eighth Amendment claim to proceed against Defendants Thompson and Adams in their individual capacities for damages and injunctive relief and in their official capacities for injunctive relief.

*Work claims*

Plaintiff also claims that Defendant Thompson "is allowing the Hopkins County Jail to work it's Level 3 and 4 inmates seven days a week and only pay them for five. There is also no extras work time credit given for the extra days worked." He advises that he is one of the inmates who worked overtime without pay.

The Court construes Plaintiff's claims as alleging the denial of liberty and/or property interests without due process under the Fourteenth Amendment to the U.S. Constitution and will allow this claim to proceed against Defendant Thompson in her individual capacity for damages.[2]

---

[2] Plaintiff seeks no injunctive relief related to this claim. He asks only for an order directing the KDOC to provide proper medical care.

### III. ORDER

For the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims for damages against Defendants Thompson and Adams are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2), respectively, for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim of being denied medical care and a medical transfer will continue against Defendants Thompson and Adams in their individual capacities for damages and injunctive relief and in their official capacities for injunctive relief and his Fourteenth Amendment claims of being denied pay and work credit will continue against Defendant Thompson in her individual capacity for damages.

The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date: January 22, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005