# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**JOE DON WEAVEL**                                                          **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 4:12CV-P91-M**

**LADONNA H. THOMPSON** *et al.*                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Joe Don Weavel filed a *pro se* motion for summary judgment (DN 13) and a "Motion to dismiss in-part" (DN 17). Defendant LaDonna Thompson, Kentucky Department of Corrections (KDOC) Commissioner, and Defendant Brad Adams, KDOC Program Administrator, filed responses (DNs 14 & 18). Plaintiff filed no reply. Upon review, the Court will grant the motion to dismiss and deny the motion for summary judgment as moot.

On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the following claims to continue: Plaintiff's Eighth Amendment claims of being denied medical care and a medical transfer against Defendants Thompson and Adams in their individual capacities for damages and injunctive relief and in their official capacities for injunctive relief; and his Fourteenth Amendment claims of being denied pay and work credit against Defendant Thompson in her individual capacity for damages.

The Court will first address Plaintiff's motion to dismiss in part. Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Otherwise, under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Fed. R. Civ. P. 41(a)(2). As Defendants have served their answer and since the parties have not filed a stipulation of dismissal, a court order granting dismissal is required under Rule 41(a)(2).

In his motion, Plaintiff asks the Court "to dismiss this complaint against the defendants, LaDonna Thompson and Brad Adams." He continues as follows:

> The plaintiff never had intentions of trying to make money by filing this complaint against the defendants. The plaintiff was only trying to have his medical needs met by filing this complaint. Since the plaintiffs health has improved and he is nearing the end of his sentence, he no longer feels that the complaint is necessary. The Plaintiff feels that the monatary loss of being worked seven days a week and only paid for five is minimal and not worth pursuing. The plaintiff is asking only for a court order to recieve work credit off his sentence for the seven months he worked without credit. The plaintiff can find no laws in the books that disqualify him for work credit because of a second degree escape charge. . . . [H]e has seen only laws keeping violent offenders, sex offenders, and offenders serving a life sentence from recieving work credit.[1] The plaintiff also believes that because of the escape took place when he was still a county inmate and not a state inmate, the Kentucky Dept. Of Correction should have no authority to punish him by denying him work credit. Therefore the plaintiff prays the court will rule in his favor concerning the work credit he should have earned off his sentence, in the seven months he was a work aid at the Hopkins Co. Jail. The Plaintiff should have earned about 30 days off his sentence. The plaintiff does not know if he would qualify for a disciplinary write up by the Kentucky Dept. Of Corrections for not following up with this complaint. If he does qualify the plaintiff does not wish to dismiss the case.

In response, Defendants do not oppose the motion to voluntarily dismiss the majority of claims against them in both their individual and official capacities. They argue that the "work credit" claim is meritless as a matter of law, warranting dismissal, and they state that they will file a dispositive motion to this effect.[2]

---

[1] Section 197.047 of the Kentucky Revised Statutes pertains to work credit, eligibility, computation of credit and forfeiture of credit. Subsection (6) of that statute provides, "The sentence credit provisions of this section shall not apply to a prisoner who is serving a: (a) Sentence of imprisonment for life without possibility of parole; (b) Sentence for a violent offense as defined in KRS 439.3401; *(c) Sentence for escape or attempted escape*; or (d) Sentence for a sex crime as defined in KRS 17.500." Ky. Rev. Stat. Ann. § 197.047(6) (emphasis added).

[2] The record reflects that Defendants have not filed a dispositive motion.

As to the Eighth Amendment claims, Plaintiff clearly indicates that he only wanted his medical needs met, that his health has improved, and that he no longer feels the complaint is necessary. For these reasons, the Court will grant the motion to voluntarily dismiss the Eighth Amendment claims.

The only claims left are Plaintiff's Fourteenth Amendment claims of being denied pay and work credit against Defendant Thompson in her individual capacity for *damages*, and Plaintiff clearly indicates that he feels the monetary loss of being worked seven days a week and only paid for five is minimal and not worth pursuing. Thus, the Court will grant the motion to voluntarily dismiss the Fourteenth Amendment claims.

Despite Plaintiff's assertion in his motion that he is dismissing all claims for relief except "for a court order to recieve work credit off his sentence for the seven months he worked without credit," he did not seek such equitable relief in his complaint, and the Court even noted this failure in its Memorandum Opinion and Order on initial review.[3] Thus, Plaintiff's motion to voluntarily dismiss "in part" is actually a motion to voluntarily dismiss all remaining claims.

Even if Plaintiff had sought equitable relief in his complaint in the form of "work credit off his sentence for the seven months he worked without credit," the Court would have dismissed that claim for relief as "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.*; *Preiser v. Rodriguez*, 411 U.S. at 500 ("[W]hen a state

---

[3]The Court noted that "Plaintiff seeks no injunctive relief related to this claim. He asks only for an order directing the KDOC to provide proper medical care."

3

prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, Plaintiff's request to receive "about 30 days off his sentence" cannot lie in this § 1983 action.

Finally, it is unclear as to what Plaintiff means when he states that he does not wish to dismiss the case if he qualifies for a disciplinary write up "for not following up with this complaint." Regardless, Plaintiff indicates an improved medical condition and no desire to pursue any minimal monetary loss from working two extra days a week without pay. As Plaintiff's intent to voluntarily dismiss the action is clear,

**IT IS ORDERED** that his motion to voluntarily dismiss (DN 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that his motion for summary judgment (DN 13) is **DENIED as moot**.

The Court will dismiss the action by separate Order.

Date: February 10, 2014

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.005

4